UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STEVEN MARANDOLA, )
)
    Plaintiff, )
)
v. ) 3:25-CV-84-KAC-DCP
)
AVERTIUM HOLDINGS, LLC, et al., )
)
    Defendants. )

## ORDER TO SHOW CAUSE

On February 28, 2025, Plaintiff Steven Marandola filed a complaint against Defendants "Avertium Holdings, LLC," "Avertium, LLC," and "Avertium Tennessee, Inc." [Doc. 1]. The Complaint asserts that this Court has jurisdiction over this action "under 28 U.S.C. § 1332(a)" based on diversity of citizenship [*Id.* ¶ 1]. In support, Plaintiff alleges that (1) "Avertium Holdings, LLC is a Delaware limited liability company" and "ultimate parent of Avertium, LLC and Avertium Tennessee, Inc."; (2) "Avertium, LLC is a Delaware limited liability company, with locations in Phoenix, Arizona, and Knoxville, Tennessee"; and (3) "Avertium Tennessee, Inc. is a Delaware corporation" "with locations in Knoxville, Tennessee" [*Id.* ¶¶ 4-6].

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . It is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The "burden of establishing" that the Court has jurisdiction "rests upon the party asserting jurisdiction." *Id.* This Court has an independent obligation to ensure that it has jurisdiction to hear a case. Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also In Re Flint Water*

*Cases*, 63 F.4th 486, 497 (6th Cir. 2023). It appears that two (2) of the Defendants are limited liability companies. For purposes of diversity jurisdiction, "[a] limited liability company has the citizenship of each of its members" or sub-members. *See Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 380-81 (6th Cir. 2023); *see also Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022). Plaintiff has not pled the citizenship of the members or sub-members of each of the limited liability company Defendants. In addition, a corporation has the citizenship of each state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *Abbas*, 60 F.4th at 380. The Complaint fails to allege Defendant Avertium Tennessee, Inc.'s principal place of business. Therefore, the Court cannot assess whether complete diversity exists such that the Court has jurisdiction to hear this case. *See, e.g., US Framing International LLC v. Continental Building Company, et al.*, No. 23-6001, 2025 WL 1024422, at *2 (6th Cir. Apr. 7, 2025).

Accordingly, the Court **ORDERS** Plaintiff to file a response to this Order on or before **April 29, 2025** with facts sufficient to show that this Court has jurisdiction over the action. A failure to respond will be grounds for the Court to dismiss this action. *See* Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court").

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge