UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STEVEN MARANDOLA, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>AVERTIUM HOLDINGS, LLC, )<br>AVERTIUM, LLC, and )<br>AVERTIUM TENNESSEE, INC. )<br>)<br>    Defendants. ) | Civil Action File No. 3:25-cv-84 |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Steven Marandola, by and through his counsel, files this Response to the Court's April 16, 2025 Order to Show Cause requesting that Plaintiff specify facts sufficient to demonstrate that this Court has diversity jurisdiction over this matter. [Docket No. 11.]

    1.    In his Complaint, Plaintiff alleged that this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. section 1332(a) as the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. [Docket No. 1]

    2.    Plaintiff, however, failed to specifically plead the citizenship of the members or sub-members of Defendants Avertium Holdings, LLC and Avertium, LLC.

    3.    Plaintiff further failed to plead Avertium Tennessee, Inc.'s principle place of business.

4. In response to these omissions, the Court Ordered Plaintiff to respond to its Order to Show Cause by April 29, 2025, with facts sufficient to allow the Court to determine whether it in fact has diversity jurisdiction over this matter. [Docket No. 11.]

5. In conjunction with this Response, Plaintiff is filing his First Amended Complaint. Because it is his first amended pleading, and Defendants have consented to the proposed amendments, and no motion is required. Fed. R. Civ. P. Rule 15.

6. In his proposed First Amended Complaint, Plaintiff alleges a controversy in amounts over $75,000 and further alleges that:

    A. He is an individual residing at 16 Rodman Street, Narragansett, Rhode Island.

    B. Defendant Avertium Holdings, LLC is a Delaware limited liability company and is the ultimate parent of Avertium, LLC and Avertium Tennessee, Inc. Further, upon information and belief, that Avertium Holdings, LLC's principle place of business is not located in Rhode Island and that its members and sub-members are citizens of states other than Rhode Island.

    C. Defendant Avertium, LLC is a Delaware limited liability company, with locations in Phoenix, Arizona, and Knoxville, Tennessee. Upon information and belief, that its principle place of business is not located in Rhode Island and that its members of Avertium, LLC are citizens of states other than Rhode Island.

    D. Defendant Avertium Tennessee, Inc.. is a Delaware corporation cybersecurity company, with locations in Knoxville, Tennessee, and its principle place of business is Tennessee. Further, upon information and belief, that it does not maintain a principal place of business in Rhode Island.

7. The proposed First Amended Complaint also attaches a copy of the Nondisclosure, Inventions and Noncompetition Agreement (the "Noncompetition Agreement") between the parties. Section 12 of the Noncompetition Agreement provides:

> The parties irrevocably and unconditionally (a) submit to the exclusive jurisdiction of the state and federal courts located within the State of Tennessee (the "Courts") for the purpose of any suit, action or other proceeding arising under or relating to this Agreement, (b) agree not to commence any suit, action or other proceeding arising under or relating to this Agreement except in the Courts, and (c) waive, and agree not to assert, by way of motion, as a defense, counterclaim or otherwise, in any such suit, action or proceeding, any claim that such party is not subject

personally to the jurisdiction of the Courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by the Courts.

7. For all of these reasons, Plaintiff believes that this Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a).

8. The names and citizenship of the members and sub-members of the LLC Defendants are presently unknown to Plaintiff, but they are not believed to be citizens of Rhode Island. To the extent that the Court determines that additional averments and/ or evidence is needed to establish diversity jurisdiction, the Plaintiff would request the opportunity to conduct limited jurisdictional discovery, as the information sought by the Court is uniquely within the possession of the Defendants.

Respectfully submitted this 29th day of April, 2025.

By His Attorneys:

s/ D. Scott Hurley
D. Scott Hurley, Esq. #011001
Ryan N. Shamblin, Esq. #022280
Attorneys for the Plaintiff
The Hurley Law Firm, P.C.
205 Mohican St.
Knoxville, Tennessee 37919
865-523-1414
865-546-8121 (fax)

*Counsel to Plaintiff*

John A. Sten, Esq.
Ann Makkiya, Esq.
Byrd Campbell, P.A.
100 State Street, 3rd Fl.
Boston MA 02109
(617) 967-2820
JSten@ByrdCampbell.com
AMakkiya@ByrdCampbell.com
MCarito@ByrdCampbell.com

3

CERTIFICATE OF SERVICE

      I hereby certify that on the 29th day of April 2025, the foregoing document was served via the Court's CM/ECF filing system and/or email upon:

Benjamin Morrell, Esq.
Taft Stettinius & Hollister LLP
111 E. Wacker Dr., Ste 2600
Chicago, IL 60601
312-840-4489
Email: bmorrell@taftlaw.com


Lyndsey M. Kruzer, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
617-248-4790
Email: lkruzer@choate.com


      /s/ D. Scott Hurley
      D. Scott Hurley, Esquire