UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEVEN MARANDOLA, | ) |
|     Plaintiff | ) ) ) |
| v. | )   Civil Action File No. 3:25-cv-84 |
| AVERTIUM HOLDINGS, LLC, AVERTIUM, LLC, and AVERTIUM TENNESSEE, INC. | ) ) ) ) ) |
|     Defendants. | ) |

## STEVEN MARANDOLA'S REPLY TO AFFIRMATIVE DEFENSES AND ANSWER TO AMENDED COUNTERCLAIM

### STEVEN MARANDOLA'S REPLY TO AFFIRMATIVE DEFENSES

Plaintiff, STEVEN MARANDOLA replies to the Affirmative Defenses filed Defendants, AVERTIUM HOLDINGS, LLC, AVERTIUM, LLC, and AVERTIUM TENNESSEE, INC as follows:

    1.     Plaintiff denies Defendants' First Affirmative Defense.

    2.     Plaintiff denies Defendants' Second Affirmative Defense.

    3.     Plaintiff denies Defendants' Third Affirmative Defense.

    4.     Plaintiff denies Defendants' Fourth Affirmative Defense.

    5.     Plaintiff denies Defendants' Fifth Affirmative Defense.

    6.     Plaintiff denies Defendants' Sixth Affirmative Defense.

# STEVEN MARANDOLA'S
# ANSWER AND DEFENSES TO AMENDED COUNTERCLAIM

Counterclaim Defendant STEVEN MARANDOLA, by and through his undersigned counsel, answer Counterclaim Plaintiffs AVERTIUM HOLDINGS, LLC, AVERTIUM, LLC, and AVERTIUM TENNESSEE, INC amended counterclaim as follows. Any allegations contained in the amended counterclaim not specifically admitted herein are expressly denied

1. The allegations in Paragraph 1 assert a legal conclusion to which no answer is required. To the extent that Paragraph 1 contains factual allegations, it is denied.

### The Parties

2. Plaintiff admits the allegations stated in Paragraph 2.

3. Plaintiff admits the allegations stated in Paragraph 3.

4. Plaintiff admits the allegations stated in Paragraph 4.

5. Plaintiff admits the allegations stated in Paragraph 5.

### Jurisdiction and Venue

6. Plaintiff admits the allegations stated in Paragraph 6.

7. Plaintiff admits the allegations stated in Paragraph 7.

### Factual Background

8. Plaintiff admits the allegations stated in Paragraph 8.

9. Plaintiff admits the allegations stated in Paragraph 9.

10. Plaintiff denies the allegations stated in Paragraph 10.

11. Plaintiff denies the allegations stated in Paragraph 11.

12. Plaintiff admits the allegations stated in Paragraph 12.

13. Plaintiff admits the allegations stated in Paragraph 13.

14. Plaintiff admits the allegations stated in Paragraph 14.

15. Plaintiff denies the allegations stated in Paragraph 15.

16. Plaintiff denies the allegations stated in Paragraph 16.

17. Plaintiff denies the allegations stated in Paragraph 17.

18. Plaintiff denies the allegations stated in Paragraph 18.

19. Plaintiff denies the allegations stated in Paragraph 19.

20. Plaintiff denies the allegations stated in Paragraph 20.

21. Plaintiff denies the allegations stated in Paragraph 21.

22. Plaintiff denies the allegations stated in Paragraph 22.

23. Plaintiff denies the allegations stated in Paragraph 23.

24. Plaintiff denies the allegations stated in Paragraph 24.

## COUNT I
**Breach of Contract**

25. Plaintiff answers, admits and denies Paragraph 25 in the same respect as all preceding Paragraphs incorporated herein by reference.

26. Plaintiff admits the allegations stated in Paragraph 26.

27. Plaintiff denies the allegations of Paragraph 27.

28. Plaintiff lacks knowledge or information to form a belief about the truth of Paragraph 28.

29. Plaintiff denies the allegations stated in Paragraph 29.

30. Plaintiff denies the allegations stated in Paragraph 30.

31. Plaintiff denies the allegations stated in Paragraph 31.

32. Plaintiff denies the allegations stated in Paragraph 32.

## GENERAL DENIAL

Plaintiff generally denies all allegations not specifically admitted, and further denies Defendants are entitled to recover attorney's' fees.

## AFFIRMATIVE DEFENSES

1. Counter-Plaintiffs' amended counterclaim fails to state a claim upon which relief may be granted.

2. Counter-Plaintiffs cannot prove that they incurred damages.

3. Counter-Plaintiffs amended counterclaim may be barred by applicable statutes of limitations.

4. Counter-Plaintiffs amended counterclaim is barred by the doctrines of laches, estoppel, waiver, and unclean hands.

5. Counter-Plaintiffs amended counterclaim is barred and unconscionable and unenforceable.

6. Counter-Plaintiffs amended counterclaim is barred by illegality.

7. Counter-Plaintiffs amended counterclaim is barred as contrary to public policy.

8. Counter-Plaintiffs amended counterclaim is barred by frustration of purpose.

9. Counter-Plaintiffs amended counterclaim is barred or subject to reduction as Counter-Plaintiffs failed to mitigate his damages, if any.

10. Counter-Plaintiffs amended counterclaim is barred by the terms and conditions of the contract they had with Counter-Defendant.

*Counsel for Plaintiff/Counterclaim Defendant*

s/ D. Scott Hurley
D. Scott Hurley, Esq. #011001
Ryan N. Shamblin, Esq. #022280
Attorneys for the Plaintiff
The Hurley Law Firm, P.C.
205 Mohican St.
Knoxville, Tennessee 37919
865-523-1414
865-546-8121 (fax)

John A. Sten, Esq.
Ann Makkiya, Esq.
Byrd Campbell, P.A.
100 State Street, 3rd Fl.
Boston MA 02109
(617) 967-2820
JSten@ByrdCampbell.com
AMakkiya@ByrdCampbell.com
Rmicale@ByrdCampbell.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which furnished a copy of the foregoing via electronic mail to all counsel of record.

/s/ D. Scott Hurley

5

Case 3:25-cv-00084-KAC-DCP    Document 26 #: 159    Filed 06/19/25    Page 5 of 5    PageID